1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ANTHONY D. HILL | CASE NO. 15cv566-WQH-JLB |
| Plaintiff, | **ORDER** |
| vs. | |
| RITA; R.K. BUCKNER HOSTEL; SHELLY ZIMMERMAN; SAN DIEGO POLICE CHIEF BURKE; TROLLEY SECURITY; MTS; SAN DIEGO; BUS/TROLLY SYSTEM; CHAIRMAN MATHIS; U.S.A. FBI, | |
| Defendants. | |

17

HAYES, Judge:

18      The matter before the Court is Plaintiff's Motion to Proceed in Forma Pauperis

19 ("Motion to Proceed IFP").  (ECF No. 2).

20      On December 9, 2014, Plaintiff initiated this action by filing the Complaint (ECF

21 No. 1), along with the Motion to Proceed IFP (ECF No. 2) and Motion to Appoint

22 Counsel (ECF No. 3).

23 **I.     Motion to Proceed IFP**

24      All parties instituting a civil action, suit, or proceeding in a district court of the

25 United States, other than a petition for writ of habeas corpus, must pay a filing fee of

26 $400.00.  *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5.  An action may proceed

27 despite a party's failure to pay only if the party is granted leave to proceed in forma

28 pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

(9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit, Plaintiff states that he is unemployed. (ECF No. 2 at 2). Plaintiff indicates that he receives $2,906.23 each month from pensions, annuities or life insurance from the VA. *Id.* Plaintiff indicates that he does not have any checking accounts and does not have any savings account. *Id.* Plaintiff does not own a home, vehicle, or any other assets. *Id.* at 3. Plaintiff states that he has debts of $20,000 in child support. *Id.* at 3.

The Court has reviewed the affidavit and finds that it is not sufficient to show that Plaintiffs are unable to pay the fees or post securities required to maintain this action. Plaintiffs' income and assets are sufficient to pay the $400 filing fee. The Court denies the Motion to Proceed IFP pursuant to 28 U.S.C. section 1915(a). Plaintiffs must pay the filing fee of $400 to commence this action, or submit further documentation demonstrating their inability to pay.

## II.     Initial Screening of Complaint

In the event that Plaintiff is able to demonstrate that IFP is proper, the Court would conclude that the Complaint should be dismissed for failure to state a claim and lack of subject matter jurisdiction. A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268

(9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...."  Fed. R. Civ. P. 8(a).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (2946)).  "[T]he district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'"  *Id.* (quoting *Bell*, 327 U.S. at 682-83, 685).

In this case, Plaintiff indicates that the nature of the suit is civil rights and identifies Defendants in the caption.  However, Plaintiff's Complaint does not provide facts from which the Court or the Defendant can identify the claims made against the Defendant.  Plaintiff's Complaint alleges that:

> On 3-3-15 while riding on [the] trolley at City College ... I was falsely accused and held and subject to individuals who attempted to escalate the situation.  Called names and felt discriminated because I'm African American and have disabilities....  3-9-15 or so I went to SPD ... when I kept asking questions the police ask[ed] me [if] I was on medication, I calmly replied I'm 100% disabled total and permanent.  He told me to leave....  R.K. Buckner AKA Rita owner.  I had been their [sic] and constantly been victim of thefts ... this property has no sprinklers, yet staff smokes cigs and weed in [the] building.  After complaining to Rita ... I was threatened and intimidated by someone claiming to be the MSR.  On

3-11-15 she allws underage drinking and smoking employees, says she never takes care of anything, this is because I'm black with disabilities (Retaliation), discrimination in Housing, failure to oversee property.... R.K. is looking at video and maybe altering or possibly deleting this and all action resulting in being African American with disabilities: intentional infliction of severe emotional distress[,] punitive damages[,] general damages[,] nominal damages. I contacted the FBI ... I told [the agent] that in 2002 in Munice, IN, Deleware County a federal police liked and was caught lying when ... Memorial Hospital Security [,] William Kirby informed me and [the] nurse ... that I said that when I get out I'm going to blow the (local, Munice) SSA office up.... I told the FBI I feared for my life [and] they hung up. All because I'm black with disabilities.

(ECF No. 1 at 1-3).

Plaintiff's Complaint does not allege a basis for this Court's subject matter jurisdiction. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Because the complaint neither states a claim under which relief may be granted, nor invokes the Court's jurisdiction, it would be subject to sua sponte dismissal pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   Conclusion

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is DENIED. Defendant shall, within sixty (60) days of the date this Order is filed, either (1) pay the requisite $400.00 filing fee, or (2) submit a more detailed motion to proceed in forma pauperis. If Defendant fails to submit payment or a more detailed motion to proceed in forma pauperis within sixty days of the date of this Order, the Court will dismiss Plaintiff's Complaint without prejudice.

DATED: March 23, 2015

**WILLIAM Q. HAYES**
United States District Judge